IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Donna Maroney Manzo, | ) | C/A No.: 6:10-1695-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Donna Maroney Manzo, brought this action pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for supplemental security income (SSI) and disability insurance (DIB) under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision

1

as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for SSI on August 19, 2005, alleging disability as of January 29, 2004 due to degenerative arthritis, swelling, osteoarthritis, and depression. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on July 22, 2008. The ALJ thereafter denied plaintiff's claims in a decision issued September 29, 2008. The Appeals Council denied the claimant's request for review. The ALJ's findings have become the final decision of the Commissioner of Social Security. Plaintiff has now appealed to the federal court.

The claimant was 40 years old when the application was filed. She has a high school education and two years of college. Her past work experience includes employment as a cashier and retail manager in a convenience store. She alleges that she became disabled on January 29, 2004.

Under the Social Security Act, the plaintiff's eligibility for benefits hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the

claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

The ALJ made the following findings in this case:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2010.
2. The claimant has not engaged in substantial gainful activity since January 29, 2004, the alleged onset date (20 C.F.R. §§ 404.1520(b). 404.1571, *et seq.*, 416.920(b) and 416.971, *et seq.*).
3. The claimant has the following severe impairments: arthritis and fatty liver disease (20 C.F.R. §§ 404.1520(c) and 416.920(c)).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d). 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except that she should be allowed to alternate between standing and sitting at will.
6. The claimant is capable of performing past relevant work as a retail site manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. §§ 404.1565 and 416.965).
7. The claimant has not been under a disability, as defined in the Social Security Act, from January 29, 2004 through the date of this decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On July 7, 2011, Magistrate Kevin F. McDonald filed a report and recommendation ("R&R") suggesting that the decision of the Commissioner should be affirmed. The plaintiff timely filed objections to the R&R on July 25, 2011. The defendant filed a response to plaintiff's objections on August 8, 2011.

The Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social

Security Act during the relevant time period.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objections is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In her objections to the R&R, Plaintiff alleges that the ALJ erred in finding that the plaintiff's diabetic neuropathy was not a severe impairment and that the ALJ erroneously gave one of the treating physician's opinions little weight.

**Objections Relating to Severe Impairments**

The plaintiff argues that the ALJ erred in failing to find that her diabetic neuropathy was a severe impairment.[1] She cites the severity of her symptoms as noted by her podiatrist, Dr. Walker.

The Social Security regulations define a "nonsevere" impairment as an impairment or combination of impairments that do not "significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a).  "Basic work activities include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking, understanding, carrying out and remembering job instructions, use of judgment, responding

---

[1] In the first paragraph of the objections, the plaintiff mentions the finding by the ALJ that her depression was not a severe impairment. However, she only make arguments relating to her diabetes.

5

appropriately to supervision, co-workers and usual work situations and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b). "[A]n impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984).

The Magistrate Judge analyzed the issue as follows:

Substantial evidence supports the ALJ's conclusion that the plaintiff's diabetic neuropathy was not severe (Tr. 17). As the ALJ noted and as the medical evidence showed, the plaintiff was diagnosed with diabetic neuropathy, but she was never referred for nerve conduction or EMG studies, and there were few objective findings that would indicate she experienced significant problems from neuropathy (*Id.*). For example, on August 21, 2006, Dr. Walker found that the plaintiff had some decreased vibration and pin prick sensation, but her gait was stable, and her station was normal. She had normal deep tendon reflexes. Dr. Walker did not recommend anything other than conservative treatment with medication and he did not express any particular concerns regarding neuropathy (Tr. 276-77; *see* Tr. 17). The ALJ also observed that the plaintiff's diabetes had been fairly well controlled (Tr. 17). Thus, the ALJ reasonably concluded the plaintiff's diabetic neuropathy did not cause restrictions in her ability to perform basic work-related activities and was, therefore, not a severe impairment (Tr. 17).

(R&R, p.11).

Under the standard of review which governs this Court's review of the matter, the Court concludes that the findings by the ALJ are supported by substantial evidence and are not controlled by an error of law.

**Objections Regarding Treating Physician**

Plaintiff contends in her objections to the Magistrate's Report that the ALJ erred in construing the opinion of Dr. Goeckeritz as refuting the opinion of Dr. Walker. (Both doctors were treating physicians; Dr. Walker referred the plaintiff to Dr. Geockeritz, a rheumatologist.) Plaintiff points out that Dr. Geockeritz deferred to Dr. Walker on the issue of work. Dr. Geockeritz states in

his letter of June 15, 2005 and his diagnosis of early osteoarthritis the following:

> Regarding work, which she raised during the visit, that would certainly be your call. Will standing for prolonged periods of time cause her feet and ankles to swell? Yes, probably from venous incompetence. Does she have an inflammatory arthropathy that is being made worse by this prolonged standing? No. Would she do well to sit as much as she could? Yes. Should she consider changing job occupations? Yes. But, would I put her on disability? I would not, but certainly that is your call.

The ALJ did not give controlling weight to the opinion of Dr. Walker. He states in his opinion:

> Dr. Walker's opinion of disability is not supported by the medical findings of only mild osteoarthritis. In fact, his opinion of disability is expressly refuted by the specialist to whom he referred the claimant. Neither his progress and treatment records nor the other evidence shows deterioration in the claimant's condition to support his statements of greater limitation in 2007, as compared to 2006. There is no evidence of significant skin changes, persistent swelling, painful varicosities, decreased peripheral pulses, or other signs of significant circulatory compromise or neuropathy which would reasonably necessitate elevation of her legs and the claimant herself noted that she elevated her legs only "at times." I find that the weight of the evidence persuasively contradicts Dr. Walker's statement of disability and his opinion regarding the claimant's inability to work is given little weight.

(R. p. 22-23).

Under 20 C.F.R. section 404.1527, the opinion of a treating physician is entitled to more weight than the opinion of a non-treating physician. It is only given controlling weight, however, if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). Under section 404.1527, if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 30 C.F.R. §

404.1527(d)(2)(i-ii) and (d)(3)-(5).

The decision by the ALJ not to grant controlling weight to the opinion of Dr. Walker was supported by substantial evidence in the record. As noted by the Magistrate Judge, the ALJ found that the opinions of Dr. Walker in 2007 were not supported by his treatment notes or the longitudinal record. (*See* R&R, pp. 14-15.) The Magistrate Judge's recommendation to affirm the ALJ's ruling on this ground is adopted. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.").

On the record before it, this court must overrule all objections[2] and agree with the Magistrate Judge's recommended disposition of this case.

After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the court is constrained to adopt the recommendation of the Magistrate Judge and accept the determination of the Commissioner that the plaintiff is not disabled.

For the foregoing reasons, all objections are overruled; the report and recommendation of the magistrate judge is incorporated herein by reference; and the decision of the Commissioner

---

[2] In her objections, the plaintiff refers to the ALJ's finding that she could return to her past relevant work as she performed it and asserts that the evidence does not support the finding by the ALJ that she did "little standing" in performing her duties. Plaintiff contends that she "mostly stood" in performing her past relevant work as a retail site manager. (Objections, p. 10). This argument was raised for the first time in the objections to the R&R, so it may have been waived. At a minimum, this argument is not even consistent with the facts stated in her brief. ("Manzo testified that her job as a store manager involved a lot of standing and walking, but that she had her own office so she could sit when she needed to." Plaintiff's Brief, Docket Entry # 19, p. 11). Plaintiff now says that the substantial evidence fails to support a finding that she did little standing, especially where the ALJ accepted the opinion of Dr. Goeckeritz, who said that she would do well to sit "as much as she could." (Tr. p. 186). However, even the plaintiff's testimony does not say that she mostly stood. She testified that she had difficulty sitting *or* standing for lengthy periods of time. ("Just sitting on a . . . stool. . . I couldn't sit 15, 20 minutes. I'd have to get up. I stand up, 10, 20 minutes. I've got to sit down." Tr. p. 39).

denying benefits is hereby affirmed.

**IT IS SO ORDERED**

s/R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

August 30, 2011
Florence, South Carolina